Per Curiam.

Section 9 of Maximum Price Regulation No. 136 (10 Federal Register 3197) promulgated under the Federal Emergency Price Control Act of 1942 (56 U. S. Stat. 23; U. S. Code, tit. 50, Appendix, Supp. II, § 901 et seq. as amd.), prohibited plaintiff from receiving an increased price for the sale and delivery of the transformers to defendant under the contract dated December 13, 1945, until the Office of Price Administration approved such higher price in writing. Within ten days after the date of the contract, plaintiff filed a report with the OPA seeking approval of the proposed increased price of the merchandise. The OPA thereupon requested plaintiff to furnish additional data and actual production experience. Eleven months went by, yet plaintiff failed to comply with the request. Noncompliance, according to plaintiff, was “ Due to numerous changes in personnel, the lack of adequate help and also the necessity of devoting our energies to more pressing problems * * On November 10, 1946, this commodity was exempted from price control (11 Federal Register 13464). As the Office of Price Administration was thus abolished with respect to the merchandise covered by the contract, the required approval was never obtained by plaintiff.
Recovery of the difference between the amount plaintiff collected, in accordance with the “ interim pricing ” of the said price regulation, and the unapproved increased price, in the circumstances, may not be allowed. During the life of OPA, plaintiff could not have succeeded in its present claim. In failing to furnish the OPA with the additional information requested and in permitting such an unreasonable length of time to elapse, it was plaintiff’s inaction and not the Government’s termination of the OPA that prevented compliance with the requirement that approval of the highe,r price be obtained. Postponement of the cause of action until the demise of the OPA cannot give plaintiff any greater rights than it had before. *383 If the rule were otherwise, the statute could have been thwarted by the simple expedient of awaiting its ultimate repeal.
In International Spangles Corp. v. Marrow Mfg. Corp. (294 N. Y. 295, 299) the court used the following pertinent language: “ The Price Control Act, section 4, subdivision (a), declares it to be unlawful for any person to sell or deliver any commodity in violation of any regulation promulgated under the act. In the absence of proof by the plaintiff that it had established a maximum price for its acetate strips in accord with any one of the alternative methods defined in the Regulation, the plaintiff’s demand in this action for the price of the commodity delivered to the defendant is legally unenforcible.”
The determination of the Appellate Term should be reversed, with costs to the defendant-appellant and the order and judgment of the City Court should be reinstated.
Peck, P. J., Dore, Cohn, Callahan and Shientag, JJ., concur. Determination of Appellate Term unanimously reversed, with costs, and order and judgment of City Court reinstated.